## GENERAL COURT, OCTOBER TERM, 1803.

### CRETZER's Lessee *vs.* THOMAS.

EJECTMENT for a *tract* of land called *The Resurvey on Hills, Dales, and the Vineyard,* lying in Washington county. Defence on warrant, and plots were returned. The plaintiff located on the plots, as his claim and pretensions, a deed to his lessor from *James Chapline,* for an *undivided moiety* of a *part* of the tract of land for which the ejectment was brought; and at the trial he shewed title to such undivided moiety only, which was objected to on the ground that the ejectment was brought for the whole tract.

*Where the plaintiff brings an action of ejectment for an entire tract of land, and show title to an undivided moiety of a part only, he cannot recover.*

DONE. J. This question has been settled. Verdict and judgment for the plaintiff for an *undivided moiety* of *that part* of the tract of land named in the declaration, which is included in the deed from *Chapline* to *Cretzer,* and located on the plots returned in the cause beginning, &c.(a).

*Mason,* for the Plaintiff.
*Shaaff,* for the Defendant.

(a) In the opinion given by the court of appeals in the case of *Carroll, et al. lessee, vs. Norwood's heirs,* at June term 1820, it is stated, that although in an action of ejectment the plaintiff can recover less than he claims, yet it must consist of the *same nature* with that claimed. If he claims 100 acres, less than 100 acres may be recovered. If he claims an undivided moiety, an undivided third, or any undivided part may be recovered; but he cannot recover an *undivided* part where he claims *an entirety,* or *entirety* when he demands an *undivided portion.*